**TAFUA F.M. SEUMANUTAFA, Claimant,**

v.

**TUIAVATELE ALAI'A FILIFILI M., TAGATAOLEMANU ALOA TUPUA LE'I, MOAALI`ITELE L.K. TU`UFULI, and ELIU F. PAOPAO, Counterclaimants.**

**[In re the Matai Title "GALEA'I" of the Village of Fitiuta]**

High Court of American Samoa
Land and Titles Division

MT No. 06-98

August 3, 2000

Before RICHMOND, Associate Justice, TUAOLO, Chief Associate Judge, SAGAPOLUTELE, Associate Judge, and TAUANU'U, Temporary Associate Judge.

Counsel: For Claimant Tafua F.M. Seumanutafa, Sala Samiu, L.P,
For Counterclaimant Tulavatele Alai'a Filifili M., Tautai A.F. Faalevao
For Counterclaimant Tagataolemanu Aba Tufua Le'i, Asaua Fuimaono
For Counterclaimant Moaali'itele L.K. Tu'ufuli, Afoa L. Su'esu'e Lutu
For Counterclaimant Eliu F. Paopao, Arthur Ripley, Jr.

## ORDER DENYING STAY PENDING APPEAL

On May 12, 2000, the Court awarded the matai title "Galea'i" to counterclaimant Moaali'itele L.K. Tu'ufuli ("Moaali'itele"). On July 3, 2000, claimant Tafua F.M. Seumantafa ("Tafua") timely filed a notice to appeal our decision following our denial of his motion for new trial on June 22, 2000. Simultaneously, Tafua filed a motion to stay the judgment pending appeal. The motion for a stay was heard on July 28, 2000. Counsel for Tafua and Moaali'itele were present.

### Discussion

■ The court, in its sound discretion, may stay a final judgment only for cause shown. A.S.C.A. § 43.0803; T.C.R.C.P. 62(d); *In re Matai Title "Salanoa"*, AP No. 04-98, slip op. at 2 (App. Div. Oct. 28, 1998) (Order Denying Motion to Stay Execution of Judgment Pending Appeal). The decision is neither automatic nor casual, *Asifoa v. Lualemana*, 17 A.S.R.2d 10, 12 (App. Div. 1990), and is guided by evaluating several criteria: (1) irreparable harm to the appellant if a stay is not granted, (2) irreparable harm to the appellee if a stay is granted, and (3) the likelihood of success on appeal. *In re Matai Title "Mulita'uaopele"*, 17 A.S.R.2d 71, 73 (Land & Titles Div. 1990). A fourth criteria is whether the public interest would be affected by a stay. *Asifoa v. Lualemana*, 17 A.S.R.2d 100, 102 (App. Div. 1990).

■ The first two criteria involve weighing the equities based on the harm resulting to the parties if a stay is granted or denied. This Court once

310

observed that "in most matai title cases, the balance of hardships will militate strongly in favor of granting a stay pending appeal" and then cited a number of factors that may justify a stay in a particular matai case, even when reversal on appeal is highly unlikely. *In re Matai Title "Mulitauaopele"*, 17 A.S.R.2d at 73. This statement is not, however, a substitute for judicious inquiry. *In re Matai Title "Salanoa"*, slip op. at 4-6 (Order Denying Motion to Stay Execution of Judgment Pending Appeal). Indeed, the Court in *In re Matai Title "Mulitauaopele"* went on to find circumstances, including an essentially meritless appeal, that supported denial of the stay in that case. 17 A.S.R.2d at 73-75.

The harm to the appellant and appellee individually is always apparent in a matai case. Without a stay, the appellee's coming investiture as the titleholder before a decision on appeal will impact the appellant's standing in the family. With a stay, the appellee's installation will be considerably delayed. Other specific factors may affect the "balance of hardships" on the individual litigants in a given case, *see In re Matai Title "Salanoa"*, slip op. at 4 (Order Denying Motion to Stay Execution of Judgment Pending Appeal), but none are apparent here. The equities individually pertaining to Moaali`itele and Tafua do not dramatically sway the balance in favor of either party for purposes of staying the judgment.

In our view, the factors that the Court listed in *In re Matai Title "Mulitauaopele"*, 17 A.S.R.2d at 73, deal for the most part with the impact on the family involved of granting or denying a stay. As such, they address the fourth criteria of the effect of a stay on the public interest far more significantly than the litigants' individual concerns. It is important to the family and its role in community affairs to have matai title disputes before the Court resolved without undue delay. A family's general welfare and good fortune depend in large measure on having a leader who can allocate and protect the family's communal lands, oversee family functions and disagreements, and otherwise serve and lead family members. *See In re Matai Title "Salanoa"*, slip op. at 5-6 (Order Denying Motion to Stay Execution of Judgment Pending Appeal).

■ We found from the evidence in this case that Moaali`itele received the consensus support of the two clans of the Galea'i family at a meeting of the family gathered to select the successor to the "Galea'i" title. Tafua disagrees with and continues to resist the family's decision. However, we have not seen any evidence that indicates any change in the family's consensus support for Moali`itele as the successor titleholder. We think it is far more important that Moaali`itele assumes leadership of the Galea'i family as soon as the family wishes to proceed with the investiture than to stay, in effect, the appropriate ceremonies pending appeal because of Tafua's personal interests.

■ Lastly, we point out that Tafua's motion for a new trial only took issue with our findings of fact. He did not cite any other error as a potential basis for appeal. In our view, the evidence at trial was more than sufficient to support the findings of fact. His grounds for appeal are weak. Thus, typical of matai title cases, the likelihood that Tafua will succeed in the appeal is virtually non-existent. The slim possibility of success brings into play the public interest in denying stays that serve to encourage litigants to appeal only to postpone the effective date of judgments against them. *Asifoa*, 17 A.S.R.2d. at 12-14.

### Order

Accordingly, Tafua's motion to stay the judgment pending appeal is denied.